**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN DIVISION

In re:  GREGORY A. ADAMSKI    §    Case No. 09-21663
§
§
§
§
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 06/15/2009.

The undersigned trustee was appointed on 06/15/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of    $21,002.31

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Administrative expenses | $269.00 |
| Payments to creditors | $0.00 |
| Non-estate funds paid to 3rd Parties | $0.00 |
| Payments to the debtor | $0.00 |
| Leaving a balance on hand of [1] | $20,733.31 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 11/05/2009 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,850.21 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,850.21 , for a total compensation of $2,850.21 . In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 , and now requests reimbursement for expenses of $25.51 , for total expenses of $25.51 .

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/09/2009    By:   ALLAN J. DeMARS
                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

EXHIBIT A@ FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No. 09 B 21663　　　　　　　　　　　　　　　　　　　　　　　　Trustee Name: Allan J. DeMars

Case Name: GREGORY A. ADAMSKI　　　　　　　　　　　　　　　　　Date Filed (f) or Converted (c): 6/15/09 (F)

For Period Ending: 12/31/09　　　　　　　　　　　　　　　　　　§341(a) Meeting Date: 7/27/09

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Claims Bar Date: 11/5/09

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) Ref # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon DA=§ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1  cash | 300.00 | 0.00 | DA | | FA |
| 2  household goods | 2,500.00 | 0.00 | DA | | FA |
| 3  books | 500.00 | 0.00 | DA | | FA |
| 4  wearing apparel | 1,500.00 | 0.00 | DA | | FA |
| 5  watch, ring | 500.00 | 0.00 | DA | | FA |
| 6  term insurance | 0.00 | 0.00 | DA | | FA |
| 7  interest in law partnership | 21,000.00 | 21,000.00 | | 21,000.00 | FA |
| 8  interest on invested funds | | 2.31 | | 2.31 | |

TOTALS (Excluding unknown values)　　　　　　　　　　　　　21,002.31　　　　　　　　　　　21,002.31

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Total Dollar Amount in Column 6)

Major activities affecting case closing:　　sale of right, title and interest in law partnership

Initial Projected Date of Final Report (TFR): November, 2009　　　Current Projected Date of Final Report (TFR): November 9, 2009

EXHIBIT "A" - FORM 2
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 09-21663  
Case Name: GREGORY A. ADAMSKI  
Taxpayer ID#: 27-6221355  
For Period Ending: 12/31/09  

Trustee's Name: Allan J. DeMars  
Bank Name: Bank of America  
Initial CD #: CDI  
Blanket bond (per case limit): 5,000,000  
Separate bond (if applicable):  
Money Market #: 375 556 1121  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 9/17/09 | Ref 7 | from Karen Conti | interest in law partnership | 1129-000 | 21,000.00 | | 21,000.00 |
| 9/30/09 | Ref 8 | Bank of America | interest on invested funds | 1270-000 | 0.64 | | 21,000.64 |
| 10/30/09 | Check 1001 | Illinois Dept. of Revenue | taxes for IL-1041 | 2820-000 | | 269.00 | 20,731.64 |
| 10/31/09 | Ref 8 | Bank of America | interest on invested funds | 1270-000 | 1.67 | | 20,733.31 |
| | | | | | | | |
| | | | | | | | |

COLUMN TOTALS  21,002.31  269.00  20,733.31  
Less: Bank transfers/CD  
Subtotal  
Less: Payments to debtor(s)  
Net  21,002.31  269.00  20,733.31  

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | BALANCES |
|---|---|---|---|
| Checking# | | | |
| Money Market # 375 556 1121 | 21,002.31 | 269.00 | 20,733.31 |
| Savings # | | | |
| CD #CDI | | | |
| Net | 21,002.31 | 269.00 | 20,733.31 |
| | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 09-21663
Case Name: GREGORY A. ADAMSKI
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| INTERNAL REVENUE SERVICE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee* ALLAN J. DeMARS | $2,850.21 | $25.51 |
| *Attorney for trustee* ALLAN J. DeMARS | $3,262.50 | |
| *Appraiser* | | |
| *Auctioneer* | | |
| *Accountant* LOIS WEST | $967.50 | |
| *Special Attorney for trustee* | | |
| *Charges,* U.S. Bankruptcy Court | | |
| *Fees, United States Trustee* | | |
| *Other* | | |

UST Form 101-7-TFR (9/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Attorney for debtor* | | |
| *Attorney for* | | |
| *Accountant for* | | |
| *Appraiser for* | | |
| *Other* | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling ___$41,514.58___ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | INTERNAL REVENUE SERVICE | $41,514.58 | $13,627.59 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling ___$2,036,238.13___ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___0___ percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | INTERNAL REVENUE SERVICE | $36,238.13 | $0.00 |
| 2 | BRET A. BROADDUS | $2,000,000.00 | $0.00 |

**UST Form 101-7-TFR (9/1/2009)**

Tardily filed claims of general (unsecured) creditors totaling _____$0.00_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___0___ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | | |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$24,965.51_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ___0___ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | INTERNAL REVENUE SERVICE | $24,965.51 | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is _____$0.00_____.

UST Form 101-7-TFR (9/1/2009)